Elizabeth H. Potter, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 89557. Filed September 26, 1962.

952

*Weldon J. Squyres, Esq.*, and *Arthur Squyres, CPA*, for the petitioner.

*Williard A. Herbert, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The Commissioner has determined a deficiency in petitioner's income tax for the year 1957 in the amount of $5,145.01. The deficiency results from an adjustment which the Commissioner made to the taxable income shown on the return and is explained in the deficiency notice as follows:

(a) It is determined that you realize a long-term capital gain of $25,594.00 upon the sale of a one-half interest in a tract of land to the Young Men's Christian Association in 1957 which was not included in the long-term capital loss of $1,210.25 (the deduction of which was limited to $1,000.00) reported on your 1957 return. Therefore, your taxable income is increased $13,191.87 * * *

The facts were all stipulated and a stipulation of facts, together with exhibits attached thereto, was filed at the hearing and is incorporated herein by this reference. We state the following facts embodied in the stipulation for an understanding of the issue to be decided.

The petitioner is an individual whose residence is, and was during 1957, in Tyler, Texas. She filed her Federal income tax return for the year 1957 with the district director of internal revenue at Dallas, Texas.

On January 25, 1957, petitioner owned, and had owned for more than 6 months, a tract of land containing 5.43 acres, a part of New City block No. 186, in Tyler, Texas. On said date petitioner had a basis for tax purposes in this tract of land, prior to any conveyances made by her on that date, of $48,812.01.

On January 25, 1957, petitioner conveyed said tract of land to Ben F. Johnson, as trustee for the Young Men's Christian Association, hereinafter referred to as the Y.M.C.A. The conveyance reads in part as follows:

WHEREAS, ELIZABETH HERNDON POTTER, a feme sole, is the owner of the land hereafter described which has an appraised valuation of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and she desires to make a gift to the YOUNG MEN'S CHRISTIAN ASSOCIATION OF TYLER, TEXAS, later referred to as Grantee, of a one-half (½) interest in said land and she desires to sell the remaining one-half (½) to the same Grantee for a consideration of Fifty Thousand ($50,000.00) Dollars:

Now, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

That I, ELIZABETH HERNDON POTTER, a widow, of Tyler, Smith County, Texas, in order to accomplish the gift and for the consideration referred to above to be paid as follows:

$15,000.00 to be paid in cash at the time this deed is executed and the remaining $35,000.00 to be paid according to the terms of a vendor's lien note of even date given by Ben F. Johnson as Trustee for the Young Men's Christian Association of Tyler, Texas (and not individually) payable to Elizabeth Herndon Potter, bearing interest at the rate of four per cent (4%) per annum, the principal being payable in 3 annual installments as follows: $9,000.00 on or before January 1, 1958, $9,000.00 on or before September 1, 1958, $17,000.00 on or before January 1, 1959, interest payable annually as it accrues, and containing the usual provisions for acceleration of payment, said note being further secured by a deed of trust of even date given by Ben F. Johnson as Trustee for the Young Men's Christian Association of Tyler, Texas to Chas. F. Potter, Trustee for Elizabeth Herndon Potter, covering the land hereafter described: have Granted, Sold and Conveyed and by these presents do Grant, Sell and Convey unto BEN F. JOHNSON, as Trustee for the Young Men's Christian Association of Tyler, Texas, a voluntary association, with authority vested in the said Trustee to convey the said property to a charitable corporation which may be later organized by the said association to be known as the Young Men's Christian Association of Tyler, Texas, Inc., the following described property, situated in Tyler, Smith County, Texas, to-wit:

[Property description omitted.]

To HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said BEN F. JOHNSON, TRUSTEE, his successors and assigns forever and I do hereby bind myself, my heirs, executors and administrators, to Warrant and Forever Defend, all and singular the said premises unto the said BEN F. JOHNSON, TRUSTEE, his successors and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

But it is expressly agreed and stipulated that the Vendor's Lien is retained against a one-half (½) interest in the above described property, premises and improvements, until the above described note and all interest thereon are fully paid according to its face and tenor, effect and reading, when this deed shall become absolute.

This tract of land had, on January 25, 1957, an appraised valuation of $100,000.

By the conveyance above described petitioner sold a one-half interest in the tract of land to the Y.M.C.A. and received $50,000 as consideration for the sale. Petitioner received no consideration for the

additional $50,000 value of the said tract of land and it was her intention to make a gift of this amount of interest in the tract and she did make such a gift to the Y.M.C.A. as recited in the instrument of conveyance.

There seems to be no controversy as to the facts in this proceeding. Both parties agree that petitioner sold a one-half interest in the tract of land in question to the Y.M.C.A. and that she made a gift of the other one-half. Both the sale and the gift were made in the same transaction and there was only one instrument of conveyance by which the tract of land was conveyed to the Y.M.C.A.

In her tax return for 1957 petitioner used as a basis of cost of the tract of land a figure which showed a loss which, under the statute, was nondeductible and she did not claim a loss on her return. She now agrees that the cost basis which should be used in determining the gain or loss in the transaction is $48,812.01. It is petitioner's contention that this entire basis should be applied against the $50,000 which she received for the one-half interest in the tract of land which she sold and this results in a gain of $1,187.99. This, says the petitioner, is the amount of capital gain upon which she should be taxed.

It is the Commissioner's contention that only one-half of the $48,-812.01 cost basis of the whole tract should be applied against the $50,000 which petitioner received for the one-half interest in the tract which she sold and that when this is done a long-term capital gain of $25,594 results, one-half of which is taxable. It is upon this theory that the deficiency in question has been determined.

In support of her contention petitioner relies upon section 1.1001–1(e)(1), Income Tax Regs., which reads as follows:

(e) *Transfers in part a sale and in part a gift.* (1) Where a transfer of property is in part a sale and in part a gift, the transferor has a gain to the extent that the amount realized by him exceeds his adjusted basis in the property. However, no loss is sustained on such a transfer if the amount realized is less than the adjusted basis. * * *

Along with the regulations the following illustrative example is given:

*Example (1).* A transfers property to his son for $60,000. Such property in the hands of A has an adjusted basis of $30,000 (and a fair market value of $90,000). A's gain is $30,000, the excess of $60,000, the amount realized, over the adjusted basis, $30,000. He has made a gift of $30,000, the excess of $90,000, the fair market value, over the amount realized, $60,000.

So far as we can see the example given would have the same income tax significance as the facts we have in the instant case. Of course, it would not have the same gift tax consequence because in the instant case the gift was made to a charitable corporation. But we have no gift tax deficiency before us. It seems to us that it would be a correct interpretation of the example given in the regulations if we treat the stipulated facts as if they said:

Elizabeth Potter on January 25, 1957, made a transfer by way of sale of one-half interest of a property located in Tyler, Texas, to the Young Men's Christian Association for $50,000. Such property had in her hands an adjusted basis of $48,812.01 (and a fair market value of $100,000). Her gain is $1,187.99, the excess of $50,000, the amount realized, over the adjusted basis of $48,812.01. She has made a gift of $50,000, the excess of $100,000, the fair market value, over the amount realized, $50,000.

Respondent in his brief has cited and discussed numerous cases which it seems to us are irrelevant and have no application to the facts of the instant case. We shall not discuss these cases as we think there would be no point in doing so. Neither party has cited any relevant case by the Tax Court or any other court regarding the issue we have here to decide and in our search we have found none. However, as we have said above, it seems to us that the regulations cited and the illustrative example given in the regulations fit the facts which have been stipulated in the instant case. We, therefore, decide the issue in question in favor of the petitioner.

*Decision will be entered under Rule 50.*